FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 2 2005

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIUS STEWART,

   Petitioner,

v.               No. CIV-04-1224 JH/LFG

JOE WILLIAMS,

   Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Petitioner's petition for writ of mandamus. Petitioner is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Petitioner's petition will be dismissed.

A mandamus proceeding is a civil action for purposes of review under § 1915(e)(2), *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996), unless the petition is brought "to compel district courts to hear and decide actions brought solely under §§ 28 U.S.C. 2241, 2254 and 2255." *In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998). The Court has the discretion to dismiss an in forma pauperis petition *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a petition *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Petitioner's pro se petition, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The petition alleges that the state courts have failed to act timely on Petitioner's habeas corpus applications. Petitioner claims that if his good time credits were restored he would be eligible for release. He asks for an order directing the state district court to comply with certain applicable rules of procedure.

As an application for writ of mandamus, the petition does not invoke the Court's subject matter jurisdiction. The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Neither the nominal or actual respondent is a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought.

Even if the petition is construed as a complaint seeking an injunction, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that plaintiff's pro se characterization of his claims is not dispositive), no relief is available. An injunction may issue under a federal writ statute, *see, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994), if the pleading and proof standards for mandamus are met. Petitioner's request for injunctive relief against the state court is barred, however, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).

By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate its judgments." And although Petitioner does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630. Petitioner's petition invokes none of the statutory exceptions and is therefore barred.

IT IS THEREFORE ORDERED that Petitioner's petition for writ of mandamus is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE